FILED
AUG 27 2019
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

WILSON EGWUENU                           :

   Plaintiff                                :

   V.                                       :     NO. 1:17-cv-1691-TWP-MPB

HON. MEGAM BRENNAN,

St. VINCENT HOSPITAL INDIANAPOLIS,

CHARLES SCHWAB & CO.                     :

   Defendants                               :

31[TH] Cause Action: RICO Violations (All Defendants through Their Respective Agents)

Association in Fact Individuals

Cause of Action: RICO Claim

1. Plaintiff re-alleges and incorporates herein by reference all allegations and arguments in this complaint as if set forth herein in full.
2. Plaintiff's RICO statement, filed concurrently with Plaintiff's original complaint, is incorporated herein by reference.
3. Plaintiff' claim under RICO, 18 USC section 1961-68, are brought against all Defendants and co-conspirators.
4. Plaintiff is a person with standing to sue within the meaning of 18 USC section 1964(c).
5. Each Defendant is a RICO person within the meaning of 18 USC 1963(1).
6. All Defendants' respective agents and their co-conspirators constitute an association-in fact and therefore an Enterprise (the RICO enterprise) within meaning of 18 USC 1964(4).

The RICO Enterprises

7. RICO Enterprise is an ongoing business relationship between all the Defendants and co-conspirators with common purpose of defrauding Plaintiff, impeding his meaningful access to court or justice, and retaliation against him among other abuse.
8. RICO Enterprise is engaged in interstate commerce in that its activities and transactions relating to the interstate commerce are frequently require traveling and communicating across state lines.
9. The members of RICO Enterprise functions as a continuing unit.
10. Defendants and their co-conspirators conduct or participate in, and/or conspired to conduct or participate in the affairs of RICO Enterprise through a pattern of numerous acts of racketeering activity in violation 18 USC section 1962 (c) and 18 USC section 1962(d), related by their

common goal to defraud Plaintiff, impede his access to justice, and retaliation against him among other abuse.

11. Specifically, Brennan, Schwab, St. Vincent through their respective agents and other co-conspirators conduct or participated in and/or conspired to conduct the affairs of the RICO Enterprise by engaging in the following predicate acts of racketeering activity under 18 USC section 1961(1):
    a) Stalking and surveilling Plaintiff and using their knowledge of Plaintiff's activities and other personal information gained from the stalking to entice and induced him into a transaction whereby Plaintiff was defrauded of $50,000.00.
    b) As Plaintiff try to access the court meaningfully or justice, Defendants' respective agents obstructed in violation of at least 18 USC 1503, 1505, and 1703 among others.
    c) Defendant also retaliated against Plaintiff as a party or witness to a federal judicial proceeding in violation of 18 USC section 1513 by retaliatory terminating Plaintiff from his job among other abuse.
    d) Engaged Mail fraud in violation of 18 USC section 1341.

### The Predicate Acts

12. In furtherance of the scheme to defraud, defendants' respective agents and other members of the enterprise, knowingly, intentionally, unlawfully, aided and abetted, directly and indirectly conspired and agreed with each other, to attempt to commit, and each one of them, in fact, did commit, as principals, the predicate acts of the racketeering activity detailed below, in violation of 18 USC 2.

13. In addition, in furtherance of the scheme to defraud, each members of the enterprise, directly and indirectly conspired, confederated and agreed, with each other, to attempt to commit, and did commit the predicate acts of racketeering activity clustered around defrauding Plaintiff, impeding his meaningful access to court to at least recover part of property, and punishing and subjugating him for seeking justice as detailed below, violated the RICO prohibitions as defined in 18 USC 1962.

14. Also in furtherance of the scheme to defraud as explained below, the predicate acts consisted of the followings:
    a) Defendant Brennan through her agents (unknown agent of US Postal Services) intentionally, maliciously delayed or destroyed, or interfere with Plaintiff's mail containing legal documents from at least 1996 to present (obstruction of justice) in violation of 18 USC 1503, 1505, & 1703,
    b) Defendant Schwab through its agents violated mail fraud, 18 USC 1341.
    c) St. Vincent Hospital through its agents retaliated against Plaintiff, a witness and a party to federal judicial proceedings in violation 1513, and other federal statutes all in furtherance of the enterprise's scheme.

15. In furtherance the scheme to defraud, the Defendants' respective agents and other members of the enterprise, knowingly, intentionally, unlawfully, aided and abetted,

directly and indirectly conspired in the commission of the following state statutes or federal claims: a) theft by deception; b) Title VII; & c) First, Fifth, and Fourteenth amendment, 42 USC 1981, 1983, & 1985 (2 & 3) and other counts outlined in Plaintiff's claims.

16. These violations were committed by defendants' respective agents and other members of the enterprise, through or by means of, interrelated scheme and artifices, all of which formed part of the same common plan or scheme to defraud Plaintiff, impede his meaningful access to court, and punish him for access the court to protect his liberty and property.

## The Pattern of Racketeering Activity

17. In the scheme to defraud Plaintiff, impede his access to court, retaliation against him among other acts in furtherance thereof, the predicate racketeering acts detailed below form a pattern, as defined by 18 USC 1961 (5), in as much as they have been committed by the defendants and other members of the enterprise, through a series, continuous, and uninterrupted criminal and fraudulent activity, which began at least in 1996, which has continued up to the present and which has a high risk of continuing in the future.

18. In addition, within the scheme to defraud, impede Plaintiff's access to court, and retaliation against him among other acts in furtherance thereof, as outlined below, the predicate acts are related given that they have the following commonalities:

a) The same purpose or goal: to defraud Plaintiff, impede or interfere with his right of meaningful access to court or justice, and retaliation against him among other things. In so doing the defendants and other members of the enterprise keep Plaintiff's property so obtained for their economic benefit of the members of the enterprise, despite the fact that the law prohibited such practices among other things.

b) The same results: the interference with Plaintiff's access to court and retaliation against him continue to this day.

c) The same participants: the defendants and other members of the enterprise.

d) The same victim: the Plaintiff.

e) The same method of commission: Defendants' respective agents and other co-conspirators through the RICO enterprise, rely on the racketeering acts described herein in this complaint to conduct their regular business activities.

f) Defendants' respective agents and their co-conspirators' racketeering acts have or had similar purpose: to retain Plaintiff's property, cover-up their unlawful acts, and ensure that Plaintiff may never to access justice among other things.

19. These predicate racketeering acts are otherwise interrelated by the foregoing distinguishing characteristics; and not an isolated events, since there were carried out for the same purpose and in a continuous manner throughout a substantial period of time (from at least 1996 to present and continuing.

3

20. In the scheme to defraud, impede his access to court, and retaliation against him among other acts in furtherance thereof, the continuity and relatedness of the racketeering activities constitute a pattern of racketeering activities within the meaning of 18 USC 1861(5).

### RICO Count 1 (Violation 18 USC 1962(c))-The Enterprise (All Defendants)

21. Plaintiff re-alleges and incorporates herein by reference all allegations and arguments in this complaint as if set forth herein in full.
22. This cause of action arises under 18 USC 1962 (c), and is asserted against all defendants.
23. Each of the defendants' respective agents, unknown Brennan's agents, Howie Kennedy and other unknown Schwab's agent, and Shultz and other unknown agents of St. Vincent as well as and other unnamed and yet unknown defendants for the purpose of this particular cause of action, is or has been a "person" employed or associated with enterprise engaged in or the activities of which affect foreign or interstate commerce, and as much, has conducted or participated directly or indirectly, in the conduct of such enterprise affairs through a pattern of racketeering activity as described herein before.
24. For the purpose of this Particular cause of action under 18 USC 1962(c), the enterprise is association in fact as defined above previously.
25. Since or around, 1996, Ette and his co-conspirators, defendants' respective agents and other members of the enterprise knowingly, intentionally, unlawfully, aided and abetted, indirectly or directly conspired with each other, to device, or intent to device the scheme to defraud and acts in furtherance thereof, by which there were to illegally obtain, acquire, and main control of Plaintiff's property and later illegally keep the said property by impeding and preventing Plaintiff from meaningfully accessing the court to at least recover part of his property as well as punishing and subjugating him for so doing.
26. In furtherance of their conspiracy, and in order to effect its objective, the enterprise, knowingly, intentionally, and unlawfully, aided and abetted, to commit, attempt to commit, directly or indirectly conspired to commit, did commit, and cause to be committed, the below enumerated overt acts and/or predicate acts of racketeering activities to illegally defraud Plaintiff, impede and continue to impede Plaintiff's meaningful access to court, and retaliation against him for accessing the court. As a result, retained and continue to retain Plaintiff's property from 1996 to present.

### Racketeering Predicate Acts
### Obstruction Of Justice (Brennan's Unknown Agents)

27. At least from 1996, and up to the present time, for the purpose of executing the Enterprise's scheme to defraud and impede Plaintiff's meaningful access to court or justice, Defendant Brennan through her unknown agents acting under color of law knowingly, intentionally, maliciously delayed, destroyed, or interfere with mails

containing legal documents related to ongoing legal proceedings including cases in which Brennan was a defendant, i.e. interfere with mails either sent to Plaintiff by the court or Plaintiff sent to court among others as outlined below:

a) Upon information and belief, early 1996, Ette obtained Plaintiff's mail containing Plaintiff's financial statements and with the knowledge of Plaintiff's financial records, Ette set action in motion to defraud.

b) On or about 7/6/99, and 8/13/99, legal documents sent to Plaintiff via US Postal Services' certified mail were delayed for more than 30 days and on 8/13/99, Plaintiff sent legal documents to court via US Postal Services certified mail was not delivered to the court or was destroyed.

c) On or around 10/9/11, summons and complaint, Plaintiff sent to St. Vincent Hospital via US Postal Services' certified mail was not tracked by Defendant Brennan's agents. Despite the fact Plaintiff paid for the tracking services.

d) On 3/10/10, US Seventh Court of Appeal sent Plaintiff some legal document via US Postal Services and the mail was not delivered to Plaintiff or was destroyed by Defendant Brennan's agents.

e) On 5/12/17, this court mailed Plaintiff summons and complaint via US Postal Services and the mail was destroyed or not delivered by Brennan's agents. US Postal Services or Brennan was defendant in that case.

f) On or 6/5/17, and 6/25/17, properly addressed mail sent to Plaintiff by this court via US Postal Services (Brennan's agents) were returned to the court and marked "undeliverable as addressed and unable to forward." Despite the fact the said mail were properly addressed to Plaintiff. Again, Brennan or US Postal Services was defendant in that case.

g) On or about 11/30/17, this court entered an order, ordering Plaintiff to respond within two weeks or otherwise Plaintiff's claims will be dismissed with prejudice; the court mailed Plaintiff this order via US Postal Services (Brennan's agents). Again, US Postal Services (Brennan's agents) did not deliver this order to Plaintiff.

28. On 6/28/17, Plaintiff reported the above listed interference with Plaintiff's legal mail and other correspondence to and from the court to US Postal Services Inspector General Office in Des Moines, IA, and on 6/29/17, Plaintiff received the first correspondence from this court. Had it been that Plaintiff did not report above incidents to the US Postal Services' Inspector General, Plaintiff may not have received any correspondence from this court. Defendant Brennan through her unknown agents' actions and omissions violated 18 USC 1503, 1513, 1701, 1702, & 1703 (obstruction of justice, retaliation, obstruction of mail, obstruction of correspondence, obstruction or delay of mail by postal officer) as well as 1346 deprivation of honest services to Plaintiff. See Exhibits "D," "C", "D-1," & "D-2".

Obstruction of Justice in Violation of 18 USC 1961(1)(A)-Probable Murder
(All Defendants)

29. For the purpose of executing the enterprise's scheme to defraud, defendants through their respective agents and their co-conspirators have engaged in a continuous pattern of impeding Plaintiff's meaningful access to court or justice from at least 1996, and up to the present time. Thus it is safe to assume that, the acts outlined below maybe the enterprise's efforts to impede Plaintiff's access to justice:
    a) On or about 9/20/17, Judge McKinney who was the presiding judge in this case died suddenly and unexpectedly at the time Plaintiff was preparing to filing for his recusal. See Plaintiff's amended motion for sanction and motion for reconsideration and Plaintiff' motion for reconsideration.
    b) On or about 1/24/2000, Judge Eugene Chambers who was the presiding judge in the prior proceedings died suddenly and mysteriously about time Plaintiff was preparing to file a complaint against him with Texas Commission of Judicial Conduct. As a result of his death, no action was taken on Plaintiff's complaint. See Plaintiff's motion for objections and exception for detail filed on 12/28/17, for detail.
30. Both Judge McKinney and Judge Chambers' sudden, unexpected, or mysterious death may be a calculated acts to impede Plaintiff's access to justice in violation 18 USC 1961(1)(A). At least there is enough pattern and reasonable probably cause to investigate the death of the above named Judges to determine actually what happened.

Violation of violation 18 USC 1341, 1346, & 1513,
Howie Kennedy, & Others Unknown Agents of Schwab

31. For the purpose of executing the enterprise's scheme to defraud, impede Plaintiff's meaningful access to court and to punish him for attempting to recover at least part of his property as well as to cover–up their wrongdoing, Howie Kennedy and other unknown agents of Schwab were caused to be placed in the post office or authorized depositories for mail matters on or about 1/25/08, an envelope containing unsolicited investment offer which was delivered by the US Post Postal Services, to Plaintiff in violation of 18 USC section 1341 and 1346. The letter fraudulently thanked Plaintiff for participating in Schwab's Security Loan Fully Paid Program and to confirm the terms of the loan. This letter of unsolicited investment offer that fraudulently omitted the utterly relevant and essential information that if Plaintiff participated in this Schwab's Security Loan Program, that Plaintiff had to cash-out his Roll-Over or 401K account and pay a ten percent (10%) early withdrawal penalty. The said investment pays only two percent (2%) annual interest and it will take about ten (10) years for Plaintiff to break even. In other words, this Schwab's so called investment offer was not investment at all, but a pretext to trick Plaintiff into cashing his Roll-Over or 401K account to conceal (dirty) the sources of the fund in Plaintiff's account in furtherance of the enterprise's

6

scheme to defraud Plaintiff and to bolster false accusation against Plaintiff. Defendants' action or omissions through its agents violation 1341, 1346, & 1513-mail fraud, honest service, and retaliation against Plaintiff as a party to federal judicial proceedings among others.

32. Also on or 9/28/15, unknown Defendant, Schwab's agent(s) from Risk and Loss Prevention, in furtherance the scheme to defraud, was caused to order Plaintiff to liquidate his Roll-Over immediately in violation of 18 USC section 1343 and 1346 (wire fraud & deprivation of honest service). Again, this was a pretext to trick Plaintiff into cashing out his Roll-Over or 401K account in order to conceal the source of the fund (dirty) the fund in Plaintiff's 401K account and to bolster false accusations against Plaintiff.

Violation of 18 USC 1513-Shultz and other Unknown Agents of St. Vincent)

33. For the purpose of executing, the enterprise's scheme to defraud, to impede his access to court, and retaliate against Plaintiff for accessing the court to recover at least part of his property and to protect his liberty as well as to cover-up their unlawful acts, between February and April, 2010, Shultz, and others unknown agents of Defendant St. Vincent engaged the following acts or omissions described below. Plaintiff filed a lawsuit against US Postal Services, Schwab and others and Shultz and other unknown St. Vincent's agents took adverse action against Plaintiff in retaliation against Plaintiff as a party and witness to federal judicial proceedings.

34. The adverse actions include but not limited to the followings: a) fabricated false accusation of poor job performances against Plaintiff; b) threatened termination; c) hostile work environment; d) unjustified transfer; and not allowing Plaintiff to enter grievances process; and e) wrongful termination among others. The Defendant St. Vincent's actions through its agents violated 18 USC 1513 (retaliation against a party or witness to federal judicial proceedings) among other abuse and violations.

Violation of 18 USC 1951

35. For the purpose of executing the enterprise's scheme to defraud Plaintiff, on 4/17/96 and 11/12/96, certain employees of Texas Dept. of Motor Vehicle, intentionally and maliciously aided, abetted, and conspired with Ette and his co-conspirators to defraud Plaintiff of his property through extortion or inducement of economic fear in Plaintiff.

36. In furtherance of the said enterprise's scheme to defraud and impede Plaintiff's meaningful access to court, Defendant Brennan through her unknown agents acting under color of law or official right, intentionally and maliciously conspired with the member of the enterprise and engaged in action and omissions outlined in paragraph 35 (obstruction of justice in paragraph 36 of this claim).

37. Schwab and St. Vincent's respective agents' actions, i.e. mail fraud and retaliation against Plaintiff as a party to a federal judicial proceedings, respectively outlined in

paragraphs 40 & 42 above violated 18 USC section 1951 (interfere with commerce among others).

38. Defendants and other member of the enterprise conducts as outlined above and described in this complaint impaired and continue to impair Plaintiff's ability to participate fully in interstate commerce as he customarily would and extorted Plaintiff of his property in violation of 18 USC section 1951 (interference with commerce and extortion).

39. Each of the above outlined violations is a predicate act that is indictable as mail and wire fraud, obstruction of justice, deprivation of honest service, retaliation against Plaintiff as a party to a federal judicial proceedings, and interference with commerce by threat or violence among others.

40. Through the conduct described herein above, in furtherance of the scheme to defraud, impede Plaintiff's meaningful access to court to recover at least part of his property, protect his freedom, and liberty, the members of the enterprise (respective agents of the defendants and others) knowingly, intentionally, and unlawfully aided and abetted and conspired with each other to violate, and did violated above outline Statutes and other violations outlined in the counts of Plaintiff claim for relief.

41. Through the conduct described herein above, the defendants' through their respective agents and the other members of the enterprise, which is engaged in, and which activities affect interstate commerce, knowingly, intentionally, and maliciously, aided and abetted, conspired to, and each of them in fact did, conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs, through a pattern of mail fraud, obstruction of justice, retaliated against Plaintiff, denied him honest service, and interfere with commerce (violation of USC section 1951) among others in violation 18 USC 1962(c).

The Injury By Reason Of the Violations of Section 1962(c)

42. As proximate cause of the defendants' through their respective agents violations of Section 1962(c), Plaintiff was injured in his business, property, profession and career, and his person in as much as he has been the object of fraud, deprivation of Plaintiff' of his property, denial of meaningful access to court to recover at least part of his property, and retaliated and continued to retaliate against him by the defendants in violation of Section 1962(c).

43. Plaintiff has suffered and will continue to suffer injuries and damages in the amount to be determined at the trial. Pursuant to 18 USC section 1964(c), Plaintiff shall recover threefold the damage he sustained, plus cost, expenses, and attorney's fees.

44. THEREFORE, Plaintiff demands that judgment be entered in his favor and against the defendants: ordering defendants to compensate Plaintiff for his injuries and damages in the amount to be determined at the trial and other further reliefs which the court

deems just and proper under the circumstance. The defendants are liable for Plaintiff's injuries under vicarious liability and the Doctrine of Respondeat Superior- see Plaintiff's vicarious pleading.

### RICO Count II-Violation of Section 1962(a) of RICO Enterprise (All Defendants)

45. Plaintiff re-alleges and incorporates herein by reference all allegations and arguments in this complaint as if set forth herein in full.
46. This cause of action arises under 18 USC 1962(a) and is asserted only against Gramercy insurance company and Ette the owner of Transworld Investment.
47. For the purpose of this particular cause of action under Section 1962(a), the Gramercy and Transworld Investment is an enterprise.
48. The Transworld, and Gramercy, are separate entity capable of holding a legal or beneficial interest in property, and a person within the meaning of 18 USC 1961(3).
49. Transworld Investment, at least in 1996, was owned and operated by Ette in the State of Texas, and directly or indirectly was/is in the business of selling used car (used car dealership) and was bonded by Gramercy. Gramercy, directly or in directly through its business was in the business of selling surety bond to small businesses in the state of Texas, and other states at least in 1996.

### The Racketeering Income

50. Through the conduct described herein before, Tramsworld (Ette) was enterprise, engaged in, and which activities affect interstate commerce, knowingly, intentionally, and unlawfully, received income derived, directly, or indirectly, from the pattern of racketeering activity in which Transworld (Ette) participated as principal within the meaning of Section 2, Title 18 (18 USC Section 2), committing predicate acts of theft by deception; then Ette used or invested, directly or indirectly, part of such income, or proceeds of such income, in the operation of itself as enterprise, i.e., the sale of used car whereby Ette defrauded Plaintiff to derive racketeering income, in violation of 18 USC section 1962(a).
51. In or about 1996, for the purpose of executing the enterprise scheme to defraud, Ette, his wife, and others conspired to induce Plaintiff into a sale transaction whereby Plaintiff sold his car to Ette, the owner of Transworld and Ette issued Plaintiff a $30,000.00 and $20,000.00 check. However, when Plaintiff presented the check to Ette's bank, the bank refused to pay due insufficient fund in violation of Texas Penal Code 31 (theft by deception). See series "A" for detail. After Plaintiff obtained a judgment against Ette and filed a claim against the said $25,000.00 surety which Ette was principal holder, Gramercy, Ette, and others conspired to defraud Plaintiff his claim through obstruction of justice in furtherance of enterprise's scheme to defraud, and impede Plaintiff's meaningful access to court to recover at least part of his property in violation of 18 USC 1503. See series "A" to "D" for details.

52. Theft by deception and obstruction of justice are predicates acts that are indictable as theft by deception and obstruction of justice and together they constitute a pattern of racketeering activity. In or about 1996, at least Ette derived a total of $50,000.00 from defrauding Plaintiff and Gramercy derived $25,000.00 from not paying out Plaintiff's claim.
53. Through the conduct described above, Ette and Gramercy as an enterprise, which is engaged in, and which activities affect interstate commerce, knowingly, intentionally, unlawfully, and maliciously received income from investment, which was derived, directly or indirectly, from pattern of racketeering activity in which the Transworld and Gramercy participated as a principal within the meaning of Section 2, Title 18 (18 USC 2), committing predicate acts of theft by deception and obstruction of justice, Transworld and Gramercy then used or invested, directly or indirectly, part or all of the income, in the operation of itself as an enterprise,-the sale of used car and bond policies to derive racketeering income, in violation 18 USC 1962(a).

The injury By Reason of the Violation of Section 1962(a)

54. As proximate cause of the Transworld (ETTE) and Gramercy's violations of section 1962(a), Plaintiff was injured in his property, business, career, profession, and his person, as much he has been the object of fraud in the sale of his vehicle to Ette and in the claim he filed against the said Grapery's $25,000.00 surety bond, impediment to his meaningful access to court, and retaliation against him among other abuse and deprivations.
55. The injuries suffered by Plaintiff since 1996, to present includes $65,000.00 defrauded from him and total compensatory award for his injuries will be determined at the trial.
56. Pursuant to 18 USC 1964(c), Plaintiff shall recover threefold the damages he sustained, plus expenses, and attorney's fees.
57. THEREFORE, Plaintiff demands that judgment be entered in his favor and against defendants: ordering the defendants, to compensate Plaintiff for all the damages and injuries he suffered in the amount to be determined at the trial plus pre and post interest judgment interest; award of attorney's fees, expenses, and granting other and further relief that under the circumstance may deem appropriate to this honorable court.
58. The Defendants are liable for Plaintiff's injuries individually, jointly, and severally liability under vicarious liability including under Doctrine of Respndeat Superior. See cause action # 25th for detail.

RICO Count III-Violation of Section 1962(d)

59. Plaintiff re-alleges and incorporates herein by reference all allegation and arguments in this complaint as if set forth herein in full.
60. This cause of action arises under 18 USC 1962(d) and is asserted against all defendants.

61. For the purpose of this particular cause of action under Section 1962(d), the enterprise is the association in fact as defined in Section Viii, supra.

## Conspiracy

62. All the defendants' respective agents and other unknown and unnamed individuals, aiding and abetting each other, acting in concert and/or in combination, did knowingly, intentionally, unlawfully, and maliciously agree to commit the multiple predicate acts outlined above forming the alleged pattern of racketeering activity as described above, as part of their malicious and unlawful scheme to defraud Plaintiff, impede his access to court to recover at least part of his property, and punishing him for accessing the court among other deprivations, subjugation and abuse against him among others.

63. All defendants through their agents have violated section 1962(d), in as much as, in furtherance of their scheme to defraud and in order to effect its objectives, they knowingly, intentionally, unlawfully, and maliciously aiding and abetting each other, conspired to conduct and participate in, directly or indirectly, the affairs of the enterprise, through the pattern of racketeering activity described herein before, in violation of Section 1962(c).

## The Injury By Reason of the Violation of 1962(d)

64. As proximate cause of named defendants' respective agents and other unknown and unnamed individual's violation of Section 1962(d), Plaintiff was injured in his property, business, profession, career, and in his person in as much as Plaintiff has been the object of fraud, impediment of his meaningful access to court impeded, and punished him for accessing justice or court among other abuse, deprivation, and subjugation among other.

65. The injuries Plaintiff suffered and continue to suffer includes $65,000.00 defrauded from Plaintiff and the total amount of compensatory award will be determined at the trial.

66. Pursuant to 18 USC 1964(C), Plaintiff shall recover threefold the damages he has sustained, plus cost, expenses, and attorney's fees.

67. THEREFORE, Plaintiff demands that judgment be entered his favor and against the defendants: ordering the defendants, to compensate Plaintiff threefold, the value of the property defrauded and plus other damages resulting from defendants' injuries in the amount to be determined at the trial plus expenses, cost, attorney's fees, pre and post judgment award interest, and granting all other further relief which the court may deem just and proper.

68. Defendants are liable under individual, joint, and several liability and vicarious liability including under the Doctrine of Respondeat Superior.

## Declaratory, Preliminary, and Permanent Injunction Relief

69. Plaintiff re-alleges and incorporates herein by reference all allegations and arguments in this complaint as if set forth herein in full.
70. Declaratory, preliminary, and permanent injunction relief will serve public interest in putting an end to the defendants' respective agents and those working in concert with them that impeded and continue to impede Plaintiff's meaningful access to court or justice and punished and continue to punish him for accessing the court to protect his property, freedom, and liberty among other deprivations and subjugation. Also as outlined in this complaint, defendants' respective agents and their co-conspirators knowingly, intentionally, unlawfully, and maliciously stalked Plaintiff, set him up, and defraud him of the fund set aside for his education. As Plaintiff started making effort to at least recover part his property, defendants retaliated against Plaintiff through their respective agents by sabotaging and preempting from employment, educational opportunities, business, social, and even family relationships among other abuse and subjugation of Plaintiff from at least 1996, to present. These injuries are of such immense that no amount of monetary award can fully compensate Plaintiff for these injuries. However, granting declaratory, preliminary, and permanent injunction relief will at least put an end to these abuse and subjugations of Plaintiff. On the other hand, if the court allows defendants to prevail, Plaintiff will continue to suffer undue irreparable injury and damages that started from at least 1996, to present.
71. Declaratory, preliminary, and permanent injunction will serve public interest in that it allow Plaintiff to access the court meaningfully, and Plaintiff will regain his freedom and liberty. Defendant will not suffer any injury or hardship because their conducts are unlawful.
72. Plaintiff respectfully resubmits his motion for declaratory relief, a court appointed master, motion for preliminary and permanent injunction previously filed as well as motion for a court appointed counsel filed recently.

Pray For Relief

WHEREFORE, Plaintiff respectfully request that judgment be entered by this court in favor of Plaintiff and individually, jointly and severally against the defendants:
a) Granting Plaintiff all the monetary and equitable relief requested in this complaint.
b) Imposing upon the defendants the payment of all costs and expenses to be incurr or already incurred in the complaint and attorney's fees, cost and expenses, pre-and post-judgment interest.
c) The issuance of declaratory, preliminary and permanent barring the defendants continued conduct and practices.
d) Granting Plaintiff any other relief that he is justly entitled as a law and equity.

Respectfully Submitted,

Plaintiff Demands Jury Trial

Submitted this day _____ of-_____ 2019

*W. Egwuenu*
Wilson Egwuenu

P.O. Box 441675

Indianapolis, IN 46244