UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILSON EGWUENU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No: 1:19-cv-03661-SEB-TAB |
| | ) |
| HON. MEGAN BRENNAN, CHARLES | ) |
| SCHWAB & CO., and ST. VINCENT | ) |
| HOSPITAL, INDIANAPOLIS, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR ORDER IDENTIFYING
WILSON EGWUENU AS A RESTRICTED FILER**

Defendant Hon. Megan J. Brennan, Postmaster General of the United States, by counsel, respectfully requests that this Court enter an order identifying Plaintiff Wilson Egwuenu as a restricted filer and requiring Egwuenu to obtain leave of court before filing documents or commencing new lawsuits in the U.S. District Court for the Southern District of Indiana.

Defendant Brennan recognizes that access to the court system is of paramount importance and acknowledges that this is an extraordinary request. Respectfully, however, Egwuenu has demonstrated that no other deterrents will prevent him from continuing to harass Defendants with meritless lawsuits. Over the past decade, he has waged a campaign of baseless litigation against the Postmaster General, Charles Schwab, and St. Vincent Hospital, alleging a far-ranging scheme of perceived wrongs including harassment, racketeering, illegal surveillance, falsification of records, and even murder. This Court has repeatedly dismissed Egwuenu's suits, characterizing them as "frivolous," "irrational," and "delusional." *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB, 2018 WL 1640661, at *3 (S.D. Ind. Apr. 5, 2018). Every time a suit

is dismissed, however, Egwuenu promptly files another in which he alleges "nearly the same perceived grievances" against "substantially the same group of defendants." *Id.* at *2.

Egwuenu has made clear that admonishments from the Court will not deter him. He likewise has ignored Defendants' warnings about the possibility of this type of sanction. Under the circumstances, Defendant Brennan respectfully requests that this Court enter an order, in substantially the form of the proposed order submitted with this motion, enacting procedures to screen filings submitted by Egwuenu and restricting his ability to commence new lawsuits without authorization of this Court.

## BACKGROUND

Egwuenu's lengthy history of litigation against the Defendants is directly relevant to this motion. In deciding this motion, this Court should take judicial notice of Egwuenu's prior court filings and pertinent rulings in those cases, copies of which are appended to this motion. *See, e.g., Parungao v. Community Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

### 1. *Egwuenu v. Holder*, No. 1:09-cv-00370-DFH-DML (S.D. Ind.)

Egwuenu's chain of lawsuits in the U.S. District Court for the Southern District of Indiana started in March 2009, with a suit against U.S. Attorney General Eric Holder and the Police Department of Urbana, Illinois. *See* Complaint, *Egwuenu v. Holder*, No. 1:09-cv-00370-DFH-DML (S.D. Ind. Mar. 25, 2009), ECF No. 1 (**Exhibit A**). That complaint alleged that various unnamed "Govt. officials" had "conspired among each other," along with "Gramercy Insurance Co." and "United States' Postal Services employees," to "form a semi criminal organization" that had "harass[ed]," "exploit[ed]," and "torture[d]" Egwuenu, *see id.* at 1–2, and

voiced various complaints about past business dealings with Ime Ette and Sailesh Babu involving the sale of one or more cars in the mid-1990s.[1] *Id.* at 7–9.

This Court (Hamilton, J.) dismissed the claims against Attorney General Holder for lack of facial plausibility and transferred the case to the Central District of Illinois. *See* Order Dismissing Attorney General Eric Holder as Defendant and Transferring Action to Central District of Illinois, *Egwuenu v. Holder*, No. 1:09-cv-00370-DFH-DML (S.D. Ind. July 1, 2009), ECF No. 16 (**Exhibit B**). Once the case was transferred, however, Egwuenu promptly withdrew the complaint. *See* Motion to Withdraw Plaintiff's Complaint, *Egwuenu v. Urbana Police Dep't*, No. 2:09-cv-02161-MPM-DGB (C.D. Ill. Aug. 9, 2009), ECF No. 19 (**Exhibit C**).

### 2. *Egwuenu v. Mueller*, No. 1:09-cv-01026-WTL-TAB (S.D. Ind.)

Less than two weeks later, Egwuenu filed another complaint in the Southern District of Indiana, this time naming as defendants, *inter alia*, then-FBI Director Robert Mueller, then-Postmaster General John Potter, and Walter Bettinger, the President and Chief Executive Officer of Charles Schwab. *See* Complaint, *Egwuenu v. Mueller*, No. 1:09-cv-01026-WTL-TAB (S.D. Ind. Aug. 20, 2009), ECF No. 1 (**Exhibit D**). Similar to his earlier allegations, Egwuenu claimed that these defendants were involved in a RICO conspiracy with "Gramercy Insurance Company, Ime Ette, among others" to engage in "a host of unfair, deceptive, oppressive, discriminative, corruptive, and terrorist acts," including murder, attempted murder, blackmail, "sabotage of Plaintiff's career," and other perceived wrongs. *Id.* at 2–4.

---

[1] Before he started filing suits in Indiana, Egwuenu unsuccessfully brought several federal lawsuits in other states alleging similar complaints about Gramercy Insurance Company, Ette, and Babu. *See, e.g., Egwuenu v. Gramercy Insurance Co.*, No. 4:03-cv-00576-A (N.D. Tex.); *Egwuenu v. Ette*, No. 3:03-cv-02647-L (N.D. Tex.). He also filed a suit in the Northern District of Illinois, seeking to force the U.S. Attorney and the Illinois Attorney General to investigate Gramercy Insurance and Ette. *Egwuenu v. Fitzgerald*, No. 1:07-cv-07158 (N.D. Ill.).

In January 2010, this Court (Lawrence, J.) dismissed Egwuenu's suit after he failed to cure the defects in his complaint. *See* Entry Concerning Selected Matters, *Egwuenu v. Mueller*, No. 1:09-cv-01026-WTL-TAB (S.D. Ind. Jan. 13, 2010), ECF No. 37 (**Exhibit E**).

Egwuenu appealed. In May 2010, the Seventh Circuit affirmed dismissal, agreeing that Egwuenu's complaint "lack[ed] facial plausibility." Order, *Egwuenu v. Bettinger*, No. 10-1553 (7th Cir. May 25, 2010), ECF No. 37 (**Exhibit F**).

### 3. *Egwuenu v. Defur*, No. 1:10-cv-01462-TWP-TAB (S.D. Ind.)

In November 2010, Egwuenu filed a third complaint in the Southern District of Indiana. Complaint, *Egwuenu v. Defur*, No. 1:10-cv-01462-TWP-TAB (S.D. Ind. Nov. 15, 2010), ECF No. 1 (**Exhibit G**). Again, he sued the Postmaster General and Bettinger and this time added Kyle Defur, the President of St. Vincent Hospital, as a defendant. Similar to his earlier complaints, Egwuenu alleged that defendants had participated in a long-running conspiracy to deprive him of his civil rights in conjunction with "Ime Ette, and Gramercy Insurance co. [*sic*] and others." *Id.* at 3.

The Court (Pratt, J.) *sua sponte* dismissed this suit, finding it "unintelligible." *See* Entry Concerning Selected Matters, *Egwuenu v. Defur*, No. 1:10-cv-01462-TWP-TAB (S.D. Ind. Nov. 18, 2010), ECF No. 7 (**Exhibit H**).

### 4. *Egwuenu v. Potter*, No. 1:11-cv-01395-WTL-DML (S.D. Ind.)

Egwuenu filed another suit in October 2011. Complaint, *Egwuenu v. Potter*, No. 1:11-cv-01395-WTL-DML (S.D. Ind. Oct. 18, 2011), ECF No. 1 (**Exhibit I**). He again named the Postmaster General, Bettinger, and Defur as defendants, claiming that they had "acted in concert with Ime Ette and Gramercy Insurance Co., and others" to "exploit, oppress[], harass[], and

deprive[] . . . Plaintiff of personal liberty, property interest, employment, and abuse of judicial process . . ." *Id.* at 1–2.

After giving Egwuenu several opportunities to amend his complaint, in December 2012, this Court again dismissed Egwuenu's suit. Entry and Order Dismissing Action, *Egwuenu v. Potter*, No. 1:11-cv-01395-WTL-DML (S.D. Ind. Dec. 5, 2012), ECF No. 46 (**Exhibit J**). As the Court noted, "[d]espite multiple opportunities and directions, and despite information as to what it would take to do so adequately, Egwuenu has failed to produce a legally sufficient complaint." *Id.* at 2. Notwithstanding efforts to afford him leniency, the Court explained that Egwuenu's "allegations and claims continue to be broad and conclusory, and on the whole are incoherent," and dismissed the action with prejudice. *Id.*

## 5. *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind.)

In May 2017, Egwuenu filed another lawsuit against the Postmaster General, Mr. Bettinger, and the President of St. Vincent Hospital. *See* Plaintiff's Petition, *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. May 22, 2017), ECF No. 1 (**Exhibit K**). This suit again re-hashed the same rambling allegations about Gramercy Insurance Company, automobile sales involving Ette and Babu, and Egwuenu's claims that Defendants were engaged in a RICO conspiracy to harass, intimidate, and interfere with his civil rights. *See, e.g., id.* at 2–4.

Defendants individually moved to dismiss. Particularly relevant to this motion, in his request for dismissal, Defendant Bettinger asked the Court to enter an order identifying Egwuenu as a serial litigant and to require that Egwuenu obtain leave of court before filing any new lawsuits. *See* Defendant Bettinger's Memorandum in Support of His Motions (i) to Dismiss Complaint under Rules 12(b)(2) and 12(b)(6) and (ii) for an Order Regulating Further Actions at

16–19, *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. Sept. 11, 2017), ECF No. 35 (**Exhibit L**).

The Court (Pratt, J.) did not impose filing restrictions on Egwuenu in response to Bettinger's motion, and instead struck Egwuenu's complaint as "unintelligible." *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB, 2017 WL 5903924, at *3 (S.D. Ind. Nov. 30, 2017). The Court noted that Egwuenu had alleged "a series of unrelated claims" but failed to "describe any connection that may exist between Defendants Dr. Feldman, Bettinger, and Brennan" to support the allegations of the alleged conspiracy. *Id.* The Court permitted Egwuenu leave to file an amended complaint, but instructed that "Egwuenu must bring unrelated claims against unrelated parties in separate lawsuits against the proper party and each complaint must state a short and plain statement of the facts." *Id.*

In spite of the Court's instructions, Egwuenu proceeded to file an amended complaint against the same three defendants, repeating the same allegations the Court had dismissed as unintelligible. *See* Plaintiff's First Amended Petition, *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. Mar. 30, 2018), ECF No. 75 (**Exhibit M**). The Court had no patience for this. Just days after he filed the amended complaint, the Court dismissed it as "wholly insubstantial," "irrational," "delusional," and concluded that Egwuenu had ignored the Court's prior order that he submit a short and plain statement of his claims. *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB, 2018 WL 1640661, at *3 (S.D. Ind. Apr. 5, 2018). Again, the Court noted Egwuenu's long history of re-filing "nearly the same perceived grievances" against "the same group of defendants," but concluded that "no reasonable person could suppose [Egwuenu's allegations] to have any merit." *Id.* at *2–3.

### 6. This Lawsuit

Evidently, the Court's admonitions had no effect on Egwuenu. In August 2019, he commenced this lawsuit against the Postmaster General, Charles Schwab, and St. Vincent, alleging the same allegations that were previously rejected. Again, he claims that Defendants are engaged in a vast conspiracy "to exploit and defraud" him through illegal surveillance, impeding his access to the court system, interfering with his employment, and other wrongs, and claims that this alleged conspiracy has some connection to Ette and Babu. *See, e.g.,* Filing No. 1 (Complaint) at 1–2.

## ARGUMENT

This Court should enter an order identifying Egwuenu as a serial litigant and restricting him from filing documents and commencing additional lawsuits against the Defendants without leave of the Court.

Although "rare," an order restricting a plaintiff from filing documents without court permission "can be a proper means for courts to defend themselves and other litigants from a few litigants' abuses of their right of access to courts." *Srivastava v. Marion County Election Bd.*, No. 1:03-cv-1448-DFH-VSS, 2004 WL 2278744, at *1 (S.D. Ind. Sept. 30, 2004), *aff'd* 125 F. App'x 57 (7th Cir. 2005); *see also Lysiak v. C.I.R.*, 816 F.2d 311, 313 (7th Cir. 1987) ("A court faced with a litigant engaging in a pattern of frivolous litigation has the authority implement a remedy that may include restrictions on that litigant's access to the court."). This Court has observed that litigants "who conduct an ongoing campaign of frivolous litigation . . . waste the resources of the courts, of defendants, and ultimately, of society." *In re Srivastava*, No. IP 04-mc-104-SEB-DML, 2011 U.S. Dist. LEXIS 84121, at *3 (S.D. Ind. July 29, 2011). Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), this Court has the authority to enter an order to "promote

judicial efficiency and deter frivolous filings," and has exercised that authority where a litigant "repeatedly asserted frivolous claims" by filing successive and duplicative lawsuits. *Id.* at *4 & 6.

In determining whether to impose such an order, this Court should weigh the factors set forth in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986). *See, e.g., Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011) (noting the Seventh Circuit has repeatedly "cited *Safir* to support a district court's authority to enter a screening order"); *see also Srivastava*, 2004 WL 2278744, at *3 (applying *Safir* factors in imposing restrictions on pro se litigation). Thus, this Court should consider "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. These considerations warrant entry of an order restricting Egwuenu's ability to file new lawsuits against Defendants.

*First*, as set forth above, there is a clear pattern to Egwuenu's history of litigation: he files a lengthy, rambling complaint against the Postmaster General, Charles Schwab, and St. Vincent; the Court dismisses his complaint as unintelligible; and he then files another suit that suffers from the same deficiencies as the previous one, rehashing the same factual allegations and seeking the same relief. *See Srivastava*, 2004 WL 2278744, at *3 (plaintiff's "long history of litigation that involves vexatious, harassing, and duplicative lawsuits" warranted injunction requiring plaintiff to submit future filings for screening).

*Second*, Egwuenu has no reasonable likelihood of prevailing. This Court has characterized his allegations as "delusional" and has concluded that "no reasonable person could suppose [his claims] to have any merit." *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB, 2018 WL 1640661, at *2–3 (S.D. Ind. Apr. 5, 2018). That assessment has been echoed numerous times. *See, e.g.,* Order, *Egwuenu v. Bettinger*, No. 10-1553 (7th Cir. May 25, 2010), ECF No. 37 (**Exhibit F**) (affirming dismissal because Egwuenu's allegations "lack[ed] facial plausibility"); Entry and Order Dismissing Action, *Egwuenu v. Potter*, No. 1:11-cv-01395-WTL-DML (S.D. Ind. Dec. 5, 2012), ECF No. 46 (**Exhibit J**) (describing Egwuenu's allegations as "incoherent").

*Third*, Egwuenu is not represented by counsel. He has brought each of these lawsuits pro se. *See Srivastava*, 2004 WL 2278744, at *3.

*Fourth*, in this case and his previous ones, Egwuenu has imposed unnecessary burden and expense on Defendants by forcing them to respond to his voluminous complaints and myriad ancillary motions, including motions for sanctions and requests for injunctive relief. *See, e.g.*, Filing No. 3 (motion for preliminary injunction). *See also* Plaintiff's Motion for Sanctions, *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. Sept. 8, 2017), ECF No. 31; Plaintiff's Supplemental Motion for Sanction, *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. Oct, 17, 2017), ECF No. 51. Moreover, Egwuenu has burdened the court system by peppering the Court with meritless motions and making repeated requests for reconsideration after those are denied. *See, e.g.,* Plaintiff's Motion to Reconsider Court's Order Denying Plaintiff's Motion for a Court Appointed Counsel, *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. July 10, 2017), ECF No. 16 (denied at ECF No. 17); Plaintiff's Response and Objection to the Court Order Denying Plaintiff's Motion to Reconsider, *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. July 24, 2017), ECF No. 20 (denied at ECF

No. 21); Plaintiff's Motion for Reconsideration, *Egwuenu v. Brennan*, No. 1:17-cv-01691-TWP-MPB (S.D. Ind. Sept. 27, 2017), ECF No. 49 (denied at ECF No. 67).

*Fifth*, Egwuenu has shown that entry of a restricted filer order is the only way to stop his campaign of frivolous litigation. Egwuenu has been repeatedly warned by the Court and Defendants about his vexatious litigation, but he continues to file new complaints after each dismissal. *See Srivastava*, 2004 WL 2278744, at *3 (that serial litigant ignored "repeated warnings" weighs in favor of restricting court access). And Egwuenu himself suggests that monetary sanctions will not deter him. As he recounts, in one of his prior lawsuits against Gramercy Insurance Company, the Court "awarded Gramercy $2,600.00 on the ground that Plaintiff's pleading was defective," but Egwuenu responded to this sanction by "fil[ing] a complaint" with the Texas Commission on Judicial Conduct against the Judge who imposed the sanction. Complaint at 6, *Egwuenu v. Potter*, No. 1:11-cv-01395-WTL-DML (S.D. Ind. Oct. 18, 2011), ECF No. 1 (**Exhibit I**). Accordingly, other sanctions will not be sufficient to prevent these problems. *See Srivastava*, 2004 WL 2278744, at *3.

*      *      *

Egwuenu has "repeatedly asserted frivolous claims," "has used the litigation as a forum for venting baseless libels against various defendants and others, regardless of whether there was any foundation for the accusations or even any marginal relevance to the claims or issues at hand," and "[w]hen [he] loses one case, [he] files a new one asserting the same claims." *Srivastava*, 2004 WL 2278744, at *2. As *Safir* explains, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." 792 F.2d at 24. Without action by this Court, Egwuenu undoubtedly will continue to re-file the same baseless lawsuits against Defendants.

10

Entry of an order requiring Court screening for Egwuenu's filings, and restricting his ability to commence additional lawsuits without leave of the court, would still "allow[] him meaningful access while preventing repetitive or frivolous litigation." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). *See also Matter of Davis*, 878 F.2d 211, 212 (7th Cir. 1989) ("regulatory injunctions" properly entered where court is "faced with an individual engaged in a pattern of frivolous litigation").

**STATEMENT OF COMPLIANCE WITH FED. R. CIV. P. 11 & S.D. IND. L.R. 7-1**

Pursuant to Fed. R. Civ. P. 11(c) and S.D. Ind. L.R. 7-1, in an effort to resolve the issues in this motion, on December 18, 2019, the undersigned sent correspondence to Plaintiff regarding this motion and requested an opportunity to confer with him about it. (**Exhibit N**)

On January 10, 2020, Egwuenu telephoned the undersigned in response to that correspondence, during which Egwuenu indicated that he may oppose it. The parties agreed to have another telephone call on January 15, 2020, but Egwuenu did not contact the undersigned on that date. Instead, Egwuenu filed a motion with the Court seeking "clarification" on Defendant Brennan's request to discuss this motion. [Filing No. 43.] Furthermore, during the January 10 call, Egwuenu refused to provide the undersigned with a telephone number or email address at which to reach him.

In light of the foregoing, Defendant Brennan assumes that Egwuenu does not intend to confer with the undersigned further regarding this motion and that Egwuenu intends to oppose it.

## **CONCLUSION**

WHEREFORE, Defendant Brennan respectfully requests that this Court enter an order requiring Egwuenu to obtain permission from the Court before filing documents or additional lawsuits in this Court.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:    /s/ *J. Taylor Kirklin*
        J. Taylor Kirklin
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Jessica M. Lindemann (jessica.lindemann@btlaw.com)
    Brian L. McDermott (brian.mcdermott@jacksonlewis.com)

I further certify that, on the same date, I caused a true and correct copy of the foregoing to be mailed by First-Class Mail, postage prepaid, and properly addressed to the following non-CM/ECF participant:

    Wilson Egwuenu
    P.O. Box 441675
    Indianapolis, IN 46244

                                                */s/ J. Taylor Kirklin*
                                                J. Taylor Kirklin

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN  46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: taylor.kirklin@usdoj.gov