UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILSON EGWUENU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03661-SEB-TAB |
| | ) | |
| MEGAN BRENNAN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PENDING MOTIONS**

This litigation marks the fifth attempt by *pro se* Plaintiff Wilson Egwuenu to file a lawsuit in this district court that states a plausible claim for relief against named Defendants Honorable Megan Brennan,[1] Charles Schwab & Co. ("Schwab"), and St. Vincent Hospital and Health Care Center, Inc. ("St. Vincent") and/or the named defendants' executives, based on allegations of a decades-long conspiracy "to exploit and defraud" Mr. Egwuenu by conducting illegal surveillance of him, impeding his access to the court system, interfering with his housing and employment, and committing a litany of other wrongs.[2] Now before the Court are the following motions: Plaintiff's Motion for Preliminary Injunction and Motion for Appointment of Master [Dkt. 3]; Defendant St.

---

[1] At the time this lawsuit was filed, Brennan was the United States Postmaster General and CEO of the United States Postal Services. She retired from the position on January 31, 2020 and her replacement has not yet been named.

[2] None of Mr. Egwuenu's previous four lawsuits have survived the initial pleading stage. *See Egwuenu v. Brennan, et al.*, No. 1:17-cv-1691-TWP-MPB; *Egwuenu v. Potter, et al.*, No. 1:11-cv-1395-WTL-DML; *Egwuenu v. Defur, et al.*, No. 1:10-cv-1462-TWP-TAB; *Egwuenu v. Mueller III, et al.*, No. 1:09-cv-1026-WTL-TAB. In these prior actions, Mr. Egwuenu named Schwab and St. Vincent executives individually.

Vincent's Motion to Dismiss [Dkt. 29] (which all Defendants have joined); Plaintiff's Motion for Clarification [Dkt. 43]; Defendant Brennan's Motion to Stay Discovery [Dkt. 44]; Defendant Brennan's Motion for Order Identifying Wilson Egwuenu as a Restricted Filer [Dkt. 45]; Plaintiff's Motion for Sanctions [Dkt. 48]; and Plaintiff's Motion to Amend Complaint [Dkt. 50].

For the reasons detailed below, we GRANT Defendants' Motion to Dismiss and DENY Mr. Egwuenu's Motion to Amend. All other pending motions are DENIED AS MOOT, with the exception of the restricted filer designation request, which we address at the conclusion of this order.

## Discussion

On August 27, 2019, Mr. Egwuenu filed the current version of his complaint, which consists of 72 single-spaced pages and 416 paragraphs framing 36 causes of action. On that same date, Mr. Egwuenu filed separately a Motion for Preliminary Injunction and Motion for Appointment of Counsel. Mr. Egwuenu thereafter filed a Supplemental Complaint on November 15, 2019, adding additional factual allegations and legal claims. Defendants have moved to dismiss this action in its entirety on grounds that Mr. Egwuenu's complaint violates Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure and his claims are barred by the doctrine of *res judicata*.

We need not delve deeply into the allegations set forth in Mr. Egwuenu's prolix and meandering complaint. In sum, Mr. Egwuenu alleges—as he has in each of his prior four lawsuits—that he was defrauded by a used car salesman in 1996, and that, shortly thereafter, Defendants joined a conspiracy to prevent him from pursuing his claim against

the salesman. Mr. Egwuenu alleges that Defendants have engaged in a myriad of actions, large and small, over the course of the last 24 years in an attempt to thwart his collection efforts, including preventing his mail from being delivered; stealing and sharing his bank account information; keeping him awake at night and disrupting his concentration in his apartment with noises such as flushing toilets, running showers, and dragged furniture; and stalking him in order to learn his schedule.

Mr. Egwuenu's complaint recounts in detail a series of random and unrelated events that have befallen him throughout his life for which he blames Defendants, including, *inter alia*, his Virginia landlord's refusal to take a personal check, instead requiring a money order for his first month's rent; his landlord's rental of the apartment below him to a noisy handyman who prevented him from sleeping during the day; his encounters with malfunctioning computers and printers at various libraries and universities; his ordeal with faulty internet service at a hotel in Iowa; his having been informed that various car repairs were not under warranty; the closing of an EEOC office before he was able to speak with an investigator; his having been billed for an amount that exceeded his expected expenses for his home internet; and the untimely, unexpected deaths of Harris County Texas Judge Eugene Chambers and our late judicial colleague, Judge Larry McKinney, each of whom at the time he died was presiding over one of Mr. Egwuenu's lawsuits. Although he ascribes each of these events to being a part of Defendants' alleged conspiracy against him, his complaint contains no factual allegations supporting his contention that Defendants caused or were involved in these occurrences or to explain the manner in which such events give rise to legal liability.

As Mr. Egwuenu has been instructed by the Court in response to his prior lawsuits involving similar allegations, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that pleadings contain "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. In other words, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Mr. Egwuenu's complaint, overflowing with rambling averments and irrelevant facts as it is, clearly fails to comply with Rule 8.

Additionally, a complaint to survive dismissal must "give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests," and its "[f]actual allegations must … raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Despite its admittedly detailed allegations regarding the perceived roadblocks Mr. Egwuenu has encountered over the last 24 years, Mr. Egwuenu's complaint consists only of broad, conclusory, and largely incoherent allegations regarding the role of each Defendant in these occurrences and the impact of these events on his life. As a result, we are unable "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In sum, even in giving this complaint liberal construction, we cannot discern any plausible federal claim(s) against any defendant. A claim is legally frivolous "where it

lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *accord Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). A court must, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 762 (7th Cir. 2003). As framed, the Complaint is legally and factually frivolous, deserving of no further judicial time or attention. Additionally, it fails to comply with Rule 8, and fails to state a claim upon which relief may be granted and must therefore be dismissed.

Such a dismissal is ordinarily entered without prejudice, but Mr. Egwuenu's attempts to advance his claims in four previous lawsuits filed in our district, each of which has failed to state a plausible claim arising from substantially similar allegations against Defendants and/or their executives, despite being repeatedly advised by the Court as to the requirements of a legally sufficient complaint, warrants a different response from the Court. Allowing Mr. Egwuenu yet another opportunity to amend his complaint would clearly be futile, imposing unduly on scarce judicial time and resources, and abusive to Defendants. Therefore, this action is now dismissed with prejudice and Mr. Egwuenu's motion to amend his complaint is denied.

Defendants' request that we identify Mr. Egwuenu as a restricted filer and require him to obtain leave of court before filing documents or commencing new lawsuits in this

Court has merit, but because we are not aware that Mr. Egwuenu has previously been explicitly warned by the Court that any further attempt to advance his frivolous claim(s) could result in his being designated as a restricted filer, imposing such a sanction at this juncture would be premature. Thus, we deny that request at this time and **hereby admonish and forewarn Mr. Egwuenu that if he again files frivolous and abusive pleadings against any or all of these or other Defendants based on the same or related facts as those alleged in this action, he will likely subject himself to monetary sanctions as well as future filing restrictions in this Court.**

## Conclusion

For the reasons detailed above, Defendants' Motion to Dismiss [Dkt. 29] is GRANTED WITH PREJUDICE. Plaintiff's Motion to Amend [Dkt. 50] is DENIED. All other pending motions [Dkt. 43, 44, 48] are DENIED AS MOOT except for Defendants' motion seeking restricted filing status on future filings by Plaintiff [Dkt. 45], which motion is DENIED with permission to renew if Plaintiff persists in making frivolous filings in this action. Final judgment shall be issued accordingly.

IT IS SO ORDERED:

Date: _____2/12/2020_____    _____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILSON EGWUENU
P.O. Box 441675
Indianapolis, IN 46244

Jackson Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
TKirklin@usa.doj.gov

Jessica M. Lindemann
BARNES & THORNBURG, LLP (Indianapolis)
jessica.lindemann@btlaw.com

Brian L. McDermott
JACKSON LEWIS PC (Indianapolis)
brian.mcdermott@jacksonlewis.com